plaintiff certain merchandise. At the time of the making of the contract, the defendant's vice-president delivered to the plaintiff one of the defendant's sales notes signed with the defendant's name " T. A. Shaw & Co.," without qualification. This sales note bore the phrase " Sold for Account of Woolknit Mills, Eureka, California." The defendant which is being sued as principal, contends that it made the contract as an agent, and that the presence of the phrase above quoted in the sales note which it delivered to the plaintiff constituted an absolute notice to the plaintiff that it was acting as an agent.

*Graham Sumner* and *Whitney N. Seymour* for appellant.

*Harold R. Medina, Leander I. Shelley* and *I. Gainsburg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

WILLIAM A. SINCLAIR, Respondent, *v.* QUEENS VILLAGE HOMES, INC., et al., Appellants.

*Contract — services — action to recover for services in construction and sale of buildings.*

*Sinclair* v. *Queens Village Homes, Inc.*, 214 App. Div. 738, affirmed. (Argued January 12, 1926; decided January 22, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 8, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover amounts alleged to be due plaintiff for services as superintendent of construction of certain buildings erected by defendants. The complaint alleged that plaintiff was to receive a weekly salary plus, as to one group of buildings, the sum of fifty dollars per house and as to another, one-half of one per cent of the selling price. The defendants denied that there was any agreement to pay on the second group anything in excess of the weekly salary.

*Harold R. Medina* for appellants.

*Charles F. Edsall* and *Charles H. Friedrich* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

FRANCIS DEAN, Appellant, *v.* EMILY HALLIBURTON, as Administratrix with the Will Annexed of the Estate of WILLIAM S. HALLIBURTON, Deceased, Respondent.

(Submitted January 18, 1926; decided January 22, 1926.)

Motion for reargument denied, with ten dollars costs and necessary printing disbursements. (See 241 N. Y. 354.)

---

WALTER BINNER, Appellant, *v.* THE GEORGE ETHRIDGE COMPANY, Respondent.

WALTER BINNER, Appellant, *v.* GEORGE ETHRIDGE, Doing Business as THE ETHRIDGE COMPANY, Respondent.

(Submitted January 18, 1926; decided January 22, 1926.)

Motion for reargument denied, without costs. (See 241 N. Y. 598.)

---

MARGARET MAHER, as Administratrix of the Estate of PHILIP MAHER, Deceased, Respondent, *v.* MADISON SQUARE GARDEN CORPORATION, Appellant, Impleaded with Another.

*Negligence — boy drowned in swimming pool — insufficiency of evidence to warrant inference of negligence o. part of conductor of pool.*

In an action to recover for death through the alleged negligence of defendant, where the evidence shows only that decedent, a boy fourteen years of age, was playing in a crowded swimming pool conducted by defendant on one afternoon and his dead body was found in another part of the pool the next morning and that death was caused by asphyxiation, no inference can be drawn that by act or omission of defendant or any of its employees the boy was placed in a position of